O. R. Reeves v. The State.

No. 11566. Delivered May 30, 1928.
Rehearing denied November 7, 1928.

The opinion states the case.

*Earl M. Greer* of Wills Point, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, rape; penalty, five years in the penitentiary.

Appellant and one Joe Rousek accompanied prosecuting witness, Naioma Cross, and her cousin to an ice cream supper. The testimony of presecuting witness shows that the appellant when they started home drove off the road to a secluded spot and there assaulted and had carnal intercourse with her under circumstances which made him clearly guilty of the offense of rape. She was completely corroborated by her cousin and appellant's companion, Rousek, as well also as some neighbors who observed her condition shortly thereafter and heard her outcries.

The offense shows to have happened about twelve o'clock at night. She stayed all night with her cousin that night and returned home early the next morning and complained to her mother of the rape committed upon her. Objection was made to this because it was hearsay. Such testimony is clearly admissible. In a recent case whose facts are almost identical with this one the exact point was decided against appellant. See Bedgood v. State, 3 S. W. (2nd) 99. See also Underhill's Criminal Evidence, Third Edition, Paragraph 612. The State went no further than to prove the mere complaint of prosecuting witness to her mother and did not attempt to prove the details of the statement then made. The evidence was properly admitted.

Testimony was introduced that after the occurrence above detailed the parties started home in the automobile and passed the house

of a Mr. Wheat. The prosecuting witness jumped out of the moving car and ran into the house and begged Mr. Wheat to take her home. While she was conversing with Mr. Wheat, Rousek, appellant's companion, came in the house and told her if she would go on home with them, he would take her and see that appellant did not touch her anymore. The objection to this was that it was in appellant's absence and hearsay. Appellant was nearby and the bill does not affirmatively show that he could not have heard this statement. The theory of appellant was that she willingly rode home with appellant after the outrage and made a date with him for the next day. The cross-examination of all witnesses indicates that appellant was endeavoring to convince the jury that if he in fact had intercourse with prosecutrix, it was with her consent, and that her conduct showing otherwise was simulated. The above testimony was admissible at the proper time to rebut this theory. While it may have not been admissible, if out of appellant's presence, at the very time it was offered, considering the entire testimony, it was material and relevant upon the issue above mentioned.

It is further shown that the day following the alleged commission of the offense appellant approached Mr. Wheat, at whose residence prosecutrix had stopped the night of the offense, and asked him to keep what he knew to himself and not let Mr. Shields the County Attorney, get hold of it, whereupon appellant on cross-examination asked such witness the following question: "You learned since that time that just before this happened Mr. Rousek's brother was in an automobile wreck down here just below Canton?" The Court sustained the State's objection to this question. That the questoin called for hearsay evidence is obvious and no error is reflected in the bill.

There is suggestion that the Court should have granted a new trial on account of newly discovered evidence in that appellant had heard that one Mrs. Cora Bailey, who was alleged to reside in Grayson County, Texas, would testify that she had seen the prosecutrix engaged in the act of sexual intercourse with another party than the appellant. The judgment of conviction was obtained on the 22nd of September, 1927, and this amended motion appears to have been filed on September 29, 1927. No affidavit of such witness is attached to the motion, nor is it averred from whom appellant obtained this information nor who the party was that prosecutrix was guilty of such criminal intimacy with. We think the motion was entirely lacking in averments necessary to support such action. It

amounted to no more than an averment of the presence in the community of a mere rumor. A motion of this kind is addressed to the discretion of the trial court and the appellate court will not reverse unless it clearly appears that the trial court has abused his discretion and injustice has been done the defendant. Templeton v. State, 5 Tex. Crim. App. 398; Burns v. State, 12 Tex. Crim. App. 278. Moreover, we believe that the averments show a lack of diligence in appellant. Branch's P. C., Sec. 198.

It is finally argued that the evidence is insufficient. We regard it as overwhelmingly sufficient to establish the fact that a brutal assault was made upon prosecutrix by appellant. This fact is abundantly established without the testimony of prosecurtix. Only proof of penetration is lacking in the testimony of witnesses other than prosecutrix. This fact was testified to by the injured female and presented a jury question, which under proper instructions has been found against appellant.

We regard the evidence as entirely sufficient and finding no errors in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—Our re-examination of the record in the light of the appellant's motion for rehearing leads us to conclude that upon the original hearing a proper disposition has been made of the appeal.

The motion is overruled.

*Overruled.*