## L. S. HANKS V. THE STATE.

No. 21605. Delivered April 30, 1941.
Rehearing Denied June 11, 1941.

The opinion states the case.

*W. W. Wander, W. W. Wander, Jr.,* and *Clyde B. Meyer,* all of Houston, for appellant.

*Dan W. Jackson,* Criminal District Attorney, *Allie L. Peyton,* Assistant Criminal District Attorney, and *Tod R. Adams,* Assistant Criminal District Attorney, all of Houston, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State, on submission.

KRUEGER, Judge.

Statutory rape is the offense; the punishment, five years' confinement in the State penitentiary.

Prosecutrix is the eleven-year-old niece by marriage of appellant. On the afternoon of December 20th, 1939, appellant came to the home of prosecutrix' grandmother, with whom she and her seven-year-old brother, Tony, lived, called to the two children to come out to the car, and asked them if they wanted to go to the picture show. They both got into the car and rode away with him. Upon arriving at the show, both prosecutrix and Tony got out, whereupon appellant told her to get back into the car. He gave Tony money with which to go to the show. Appellant then drove out on a country road and stopped the car. As to what happened, we quote from her testimony:

"After he stopped he sat for a while, and then he told me to take off my pants, and I did. I did so because he told me to. I obeyed him because he threatened me once before; he told me that if I ever told anybody that, that would be the worse for me, and then he told me I would have to go to Bellaire. That is the reason I took off my pants.

"I took off my pants. Then he unbuttoned his pants and took his private parts out. Then he told me to lean back on the seat. I did it. I did it because he told me to. Then he put his private parts inside of mine."

Appellant then drove back to the show, let prosecutrix out of the car, and, after giving her a dollar, told her to call her grandmother and tell her she was going to the show. The call was made. The grandmother instructed her to get Tony and come home immediately on the bus.

Upon arriving at home, she made no outcry, nor did she report to her grandmother what had happened or of appellant's conduct towards her. She excused her failure to do so because of fear and threats of the appellant. Some nine days thereafter the grandmother discovered a discharge on her underclothes and questioned her, whereupon she told her grandmother of appellant's treatment. The grandmother reported to the prosecutrix' mother, who lived in the same city. The mother questioned her and she again told of appellant's treatment. The mother carried her first to appellant's wife and then to the family physician, who examined her and found that the hymen had been ruptured and her privates then in an inflamed condition. Some ten days later another examination was made, this by the county health officer, who corroborated the fact that the hymen had been ruptured.

Appellant did not testify as a witness in his own behalf. He offered testimony sufficient to raise the issue of alibi to the effect that he was at another and a different place at the time and on the occasion fixed by prosecutrix.

The facts are sufficient to support the jury's conclusion of guilt. Hamilton v. State, 37 S. W. 431; Cook v. State, 228 S. W. 213, 88 Texas Crim. Rep. 659; Armstrong v. State, 252 S. W. 777; Moore v. State, 236 S. W. 477.

Complaint is made of the receipt in evidence of the fact that prosecutrix told her grandmother of appellant's treatment. The objection was that such testimony was hearsay. It is to be noted that the State did not offer the details of the conversation with the grandmother or details of what prosecutrix told her. In cases of this character, the introduction of such testimony is not error. Bedgood v. State, 3 S. W. (2d) 99; Reeves v. State, 10 S. W. (2d) 90.

Moreover, appellant proved by his wife, while testifying upon her direct examination, that when prosecutrix and her mother came to report the matter of her husband's conduct to her, she was told by the mother that prosecutrix had accused appellant of raping her.

Upon cross-examination of the family physician, appellant sought to prove that, after he had made the examination of prosecutrix, he made a voluntary suggestion to her that "The best thing for her to do was to go home and forget about it." The State's objection to this statement was sustained. Such statement constituted nothing more than an opinion and conclusion of the witness and therefore was not admissible. Campbell v. State, 10 Texas Ct. App. 560; Campbell v. State, 141 S. W. 232.

Upon motion for new trial, appellant complained for the first time that venue had not been proven. The complaint came too late, as venue is presumed unless made an issue upon the trial of the case. Branch's P. C., Sec. 452. Moreover, the prosecutrix repeatedly testified that the offense occurred in Harris County.

In the light of the State's testimony, with the minimum punishment having been assessed, we are unable to agree that the appellant was prejudiced by the questions and testimony to which his objection was sustained.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

Appellant has filed two instruments in this case, each of which is called a motion for rehearing. It will be sufficient if we simply refer to the original opinion in the case covering every question presented in the motion for rehearing and which, in our opinion, requires no further discussion. However, complaint is made that this court apparently has given very little "credence" to his bills of exception. The bills were considered,

as is shown by the opinion discussing them and we think they were carefully and fairly treated.

In his motion for rehearing appellant has very carefully and ably briefed the question raised by bill of exception No. 2, presenting his objections to the testimony which the prosecutrix gave concerning her conversations with her mother and grandmother. It is sufficient answer to say that the witness did not undertake to recount what that conversation was. She simply said, "and I told her what this defendant had done to me." In her original hearing she also told the same thing to the jury. It was a proper inquiry as presented, and the authorities cited, the discussion given, and the argument laid against them, treat the subject as though the witness had been permitted to tell the things which she said to her grandmother and to her mother, as well as the things they said to her. In the absence of this, the authorities are not applicable and the objection is not well taken.

We think bill of exception No. 3 presents no error and requires no further discussion.

Bill of exception No. 4 complaining that the State had failed to show that the offense was committed in Harris County is without merit, as fully discussed in the original opinion.

We have again considered appellant's Bill of Exception No. 5, which is in a much confused condition. The bill itself is properly prepared and presented, but reflects considerable confusion in the procedure over what we believe to be a matter wholly immaterial to appellant's defense of an alibi. We are unable to see any help or harm which the matters therein set out might have rendered either side. Certainly appellant cannot, with the minimum penalty, insist that there was anything prejudicial in the procedure. It did not go to the question of guilt. Complaint is only made that it is inflammatory. We do not so view it.

Appellant's Bill of Exception No. 6 is properly considered on original hearing, which will be adhered to. Likewise, Bill of Exception No. 7 will call for no further discussion.

We concur heartily in the preliminary remarks in the concluding portion of appellant's motion, and are thoroughly im-

pressed with the responsibility of our task which embraces as much the view of one litigant as of another. Any question of doubt in this case has been resolved in favor of appellant. His defense was an alibi. The jury passed on that. Their finding and the original opinion will not be disturbed.

Appellant's motion for rehearing is overruled.