Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio


## MEMORANDUM OPINION

No. 04-07-00471-CR

Miguel **MONTIEL**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 406th Judicial District Court, Webb County, Texas
Trial Court No. 2006-CRS-001029-D4
Honorable O.J. Hale, Jr., Judge Presiding

Opinion by:    Rebecca Simmons, Justice

Sitting:    Karen Angelini, Justice
Rebecca Simmons, Justice
Steven C. Hilbig, Justice

Delivered and Filed:    December 17, 2008

AFFIRMED

Appellant Miguel Montiel was convicted by a jury for the felony offense of aggravated

sexual assault. On appeal, Montiel argues that the trial court erred by: (1) admitting outcry

witness testimony, (2) admitting the testimony of the State's medical expert, and (3) concluding

that there was factually insufficient evidence to support the jury's verdict.   We affirm the

judgment of the trial court.

## FACTUAL BACKGROUND

In February of 2004, Montiel and his wife were visiting three-year-old Rosa's[1] family when Montiel and Rosa went to Rosa's bedroom to watch a movie. Approximately twenty minutes after they started the movie, Erika, Rosa's mother, walked past the bedroom and saw Rosa on the bed, covered up in a blanket and Montiel taking his hands out from underneath the blanket.

Erika testified that Rosa's underwear was misarranged and that she immediately took Rosa outside and asked her what happened. When Rosa did not say anything, Erika left the house with Rosa and her other child, Chato, and drove them around the community for approximately two hours. When asked what happened, Rosa began to shake and cry but did not talk. When they returned home, Erika gave both children a bath. While bathing Rosa, Erika noticed that Rosa started to cry when the soap touched her vaginal area. After Erika reassured her, Rosa told her mother that Montiel had touched her "part."[2] Erika testified that she did not immediately call the police because of concern for Montiel's health, as well as wanting to wait for her husband to return home from work. Around 12:15 a.m., Rosa's parents took her to the emergency room for a medical examination and reported the incident to the police. The jury found Montiel guilty of aggravated sexual assault.

## OUTCRY WITNESS

In his first appellate issue, Montiel argues that the trial court abused its discretion in admitting the outcry statement because it was not reliable based on the time, content, and circumstances of the statement. We disagree.

---

[1] For purposes of this opinion, we follow the State's use of the pseudonym "Rosa" for the complainant, as was done in the indictment and throughout trial.
[2] Erika testified that Rosa referred to her vagina as her "part."

### A.      Standard of Review

The determination of whether outcry testimony is reliable must be made on a case-by-case basis, and is reviewed for abuse of discretion. *Marquez v. State*, 165 S.W.3d 741, 747 (Tex. App.—San Antonio 2006, pet ref'd). "The exercise of that discretion will not be disturbed unless a clear abuse of that discretion is established by the record." *Garcia v. State,* 792 S.W.2d 88, 92 (Tex. Crim. App. 1990); *see also Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (stating that a trial court abuses its discretion when its ruling is outside the "zone of reasonable disagreement").

### B.      Admissibility of Outcry Statement

The State provided both timely notice to Montiel identifying Erika as the outcry witness and a summary of the outcry statement. TEX. CODE CRIM. PROC. ANN. art. 38.072 § 2(b)(1-3) (Vernon 2005) (requiring (1) the State to provide timely notice; (2) the trial court to conduct a hearing outside the presence of the jury; and (3) the child to testify or be available to testify).

Article 38.072 allows for the admission of otherwise inadmissible hearsay in the prosecution of offenses committed against children twelve years and younger. *See* TEX. CODE CRIM. PROC. ANN. art. 38.072 (Vernon 2005). The statute requires the statements be made: (1) by the child against whom the offense was allegedly committed; and (2) to the first person, eighteen years of age or older, to whom the child made a statement about the offense. *Id*. § 2(a). To qualify as an outcry statement under article 38.072, the statement must be more than a general allusion of sexual abuse and the child must have described the alleged offense in some discernible way, that being "more than words which give a general allusion that something in the area of child abuse was going on." *Garcia*, 792 S.W.2d at 91. Simply put, the outcry witness is

the first adult to whom the child tells the "how, when, and where" of the assault.  *See Hanson v. State*, 180 S.W.3d 726, 730 (Tex. App.—Waco 2005, no pet.).

In addition, Article 38.072 requires the trial court to determine if the testimony reaches the level of reliability required to be admissible as an exception to the hearsay rule.  *Norris v. State*, 788 S.W.2d 65, 71 (Tex. App.—Dallas 1990, pet. ref'd).  To determine the trustworthiness of a hearsay statement, the trial court must conclude that the particular record is of such reliability as to guarantee the same protection provided by the constitutional right of confrontation.  *Id*.  The different factors that the trial court may consider include:

> (1) whether the child victim testifies at trial and admits making the out-of-court statement, (2) whether the child understands the need to tell the truth and has the ability to observe, recollect, and narrate, (3) whether other evidence corroborates the statement, (4) whether the child made the statement spontaneously in his own terminology or whether evidence exists of prior prompting or manipulation by adults, (5) whether the child's statement is clear and unambiguous and rises to the needed level of certainty, (6) whether the statement is consistent with other evidence, (7) whether the statement describes an event that a child of the victim's age could not be expected to fabricate, (8) whether the child behaves abnormally after the contact, (9) whether the child has a motive to fabricate the statement, (10) whether the child expects punishment because of reporting the conduct, and (11) whether the accused had the opportunity to commit the offense.

*Id.* (citing *Buckley v. State*, 758 S.W.2d 339, 343-44 (Tex. App.—Texarkana 1988, *aff'd*, 786 S.W.2d 357 (Tex. Crim. App. 1990))).   Importantly, however, these factors are not exclusive, and "courts have considerable leeway in their consideration of appropriate factors."  *Smith v. State*, 61 S.W.3d 409, 412-13 (Tex. Crim. App. 2001) (quoting *Idaho v. Wright*, 497 U.S. 805, 822 (1990)).

## C.    Erika's Testimony

Erika testified that Rosa told her Montiel had touched her "part."  Rosa articulated where she was touched and how she was touched.  These details are more than a general allusion, but rather specify who, where, and how the assault occurred.  *Hanson*, 180 S.W.3d at 730.  Montiel

contends that Rosa's outcry statement to Erika lacked spontaneity and argues that it is unreliable on this basis. *Norris*, 788 S.W.2d at 71. Pointing out that Rosa spent two hours in a car with Erika, who continually asked Rosa if anything occurred, before Rosa described the assault, Montiel argues that Rosa was improperly prompted by Erika to describe the incident. However, spontaneity is only one factor to be considered by the trial court. *Id*. Moreover, we note that the record does not indicate that Erika manipulated Rosa's responses or suggested what she should say. *See Wilson v. State,* Nos. 12-02-00042-CR, 12-02-00043-CR, 2003 WL 21771766, at *3-4 (Tex. App.—Tyler July 31, 2003, no pet.) (mem. op., not designated for publication). Additionally, Rosa testified at trial and admitted to making the out-of-court statement to her mother. She even testified that Montiel told her they were going to play a game before the assault occurred.

The outcry was made just hours after the incident occurred. The record adequately suggests that Rosa was able to observe, recollect, and narrate the details of the event. Furthermore, Rosa acted abnormally after the incident—crying and shaking—which in part prompted Erika to suspect something occurred. Lastly, Montiel had the opportunity to commit the offense while Rosa and he were on the bed watching the movie. Based on the indicia of reliability, we conclude that Rosa's outcry statement was sufficiently reliable to be admissible. Accordingly, we find that the trial court did not abuse its discretion in admitting the statement, and we overrule Montiel's first issue.

## EXPERT TESTIMONY

Montiel next argues that the trial court abused its discretion in allowing the expert testimony of Dr. Gregorio Piña because his testimony was inadmissible hearsay, cumulative, and amounted to improper bolstering of Erika's testimony.[3] We disagree.

### A.      Standard of Review

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *Mozon v. State,* 991 S.W.2d 841, 846-47 (Tex. Crim. App. 1999). As previously noted, if the trial court's ruling was within the zone of reasonable disagreement, we must affirm. *Montgomery*, 810 S.W.2d at 391.

### B.      Admissibility of Dr. Piña's Testimony

Texas Rule of Evidence 803(4) provides that "statements made for purposes of medical diagnosis or treatment" are admissible as an exception to the hearsay rule. TEX. R. EVID. 803(4). Additionally, "[s]tatements . . . describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the *cause* or external source thereof insofar as reasonably pertinent to diagnosis or treatment" fall under this exception. *Id.* (emphasis added). "Statements regarding abuse made to a psychologist or therapist are made for the purpose of medical diagnosis and treatment." *Bargas v. State*, 252 S.W.3d 876, 896 (Tex. App.—Houston [14th Dist.] 2008, no pet.) 225 S.W.3d 896 (citing *Macias v. State*, 776 S.W.2d 255, 259 (Tex. App.—San Antonio 1989, pet. ref'd)).

After defense counsel took Dr. Piña on voir dire, the trial court determined that Dr. Piña's testimony would assist the trier of fact and was not cumulative. Dr. Piña testified regarding his assessment of Rosa's mental status and mood and his attempt to determine what, if anything, was

---

[3] Montiel acknowledges this court's recent rejection of bolstering as a proper ground for objection. *See Rivas v. State*, No. 04-06-00375-CR, 2007 WL 1608550, at *3 (Tex. App.—San Antonio June 6, 2007, pet. granted) (mem. op., not designated for publication). While the law is not yet settled, we are bound by our previous ruling.

causing Rosa to feel ashamed. Montiel argues that allowing Dr. Piña to repeat the statements made by the child amounted to Dr. Piña testifying as a second outcry witness and, thus, the statements constituted inadmissible hearsay. However, the statements were made for "purposes of treatment and diagnosis." Dr. Piña's testimony provided the appropriate background for his assessment of Rosa's mental status. Dr. Piña was able to opine that in his expert opinion, Rosa's symptoms were consistent with those of other child victims of sexual abuse.

## FACTUAL SUFFICIENCY OF THE EVIDENCE

Finally, Montiel argues that the evidence was factually insufficient to support the jury's verdict. We disagree.

### A. Standard of Review

When evaluating a challenge to the factual sufficiency of the evidence, the reviewing court views all the evidence in a neutral light. Only if there is an objective basis in the record that a conviction is "clearly wrong" or "manifestly unjust" because the great weight and preponderance of the evidence contradicts the jury's verdict, should the court declare a factual insufficiency. *Watson v. State*, 204 S.W.3d 404, 414-17 (Tex. Crim. App. 2006).

### B. Sufficiency of the Evidence

Montiel argues that the evidence presented at trial was factually insufficient to support the jury's verdict. While Rosa may have had some difficulties answering the prosecutor's questions, her ability to articulate the events was age appropriate for a six-year old. The jury is the sole judge of a witness's credibility and the weight to be given the testimony. By their verdict, the jury clearly believed Rosa over the defense. Montiel additionally claims that the lack of physical evidence from the hospital emergency room medical examination should have been indicative of Montiel's innocence. However, physical evidence is not required to prove

aggravated sexual assault. *Tinker v. State*, 148 S.W.3d 666, 669 (Tex. App.—Houston [14th Dist.] 2004, no pet.). Further both Dr. Garza and Dr. Piña testified as to her physical and mental status after the incident. Accordingly, because we cannot say that the verdict was not manifestly unjust so as to overturn the conviction, we overrule this issue.

### CONCLUSION

The trial court properly allowed Erika to testify as the outcry witness in accordance with article 38.072 of the Code of Criminal Procedure and Dr. Piña to testify as to his professional opinion that Rosa's mood and mental status was consistent with that of other children who have been sexually abused. Additionally, the evidence is factually sufficient to support the jury's finding of aggravated sexual assault. Accordingly, we affirm the judgment of the trial court.

Rebecca Simmons, Justice

DO NOT PUBLISH