NUMBER
13-04-323-CR

                                 COURT OF
APPEALS

                     THIRTEENTH DISTRICT OF
TEXAS

                         CORPUS CHRISTI B EDINBURG

 

FELIPE CASTREJON,
JR.                                                                Appellant,

                                                             v.

THE STATE OF TEXAS,                                                                    Appellee.

 

 

                     On appeal from the 24th District
Court

                                        of
Victoria County, Texas.

 

 

 

                                M
E M O R A N D U M   O P I N I O N

 

     Before Chief Justice
Valdez and Justices Hinojosa and Rodriguez

 

      Opinion by Chief
Justice Valdez

 

 

 

 

This is an appeal from a conviction for aggravated
sexual assault under section 22.021 of the Texas Penal Code.  Appellant raises two issues on appeal.  We affirm.








Competency

In appellant=s first issue,
he contends that the trial court erred because it let the seven-year-old victim
testify at trial.  Specifically,
appellant claims the trial court erred in permitting a child witness to testify
without an adequate determination of his competency under Texas Rule of
Evidence 601(a)(2).  See Tex. R. Evid. 601.  

Rule 601
provides as follows:

Every person is
competent to be a witness except as otherwise provided in these rules.  The following witnesses shall be incompetent
to testify in any proceeding subject to these rules:  . . . (2) Children or other persons who,
after being examined by the court, appear not to possess sufficient intellect
to relate transactions with respect to which they are interrogated.

 

Id.  Thus, rule 601 creates a presumption that
every person is competent to testify regardless of age.  See Reyna v. State, 797 S.W.2d 189,
191-92 (Tex. App.BCorpus Christi 1990, no pet.) (affirming
four-year-old competent to testify about sexual crimes). The trial court has no
affirmative duty to conduct a preliminary competency examination sua sponte.  See McGinn v. State, 961 S.W.2d 161,
165 (Tex. Crim. App. 1998).  Nonetheless,
rule 601(a)(2) empowers the trial court to resort to an examination that would
tend to disclose a witness=s capacity and
intelligence in order to ascertain whether that witness is competent to
testify.  See Broussard v. State,
910 S.W.2d 952, 960 (Tex. Crim. App. 1995); see also Clark v. State, 659
S.W.2d 53, 55 (Tex. App.BHouston [14th
Dist.] 1983, no pet.) (affirming three-year-old=s competency to
testify).  








Generally, the competency of a witness is an issue for the trial
court; therefore, the court=s ruling on
whether a child is competent to testify will not be disturbed on appeal absent
an abuse of discretion.  See Broussard,
910 S.W.2d at 960; Clark v. State, 558 S.W.2d 887, 890 (Tex. Crim. App.
1977); see also Reyna, 797 S.W.2d at 191-92.  However, in order to preserve error for
review on appeal, a party must timely and specifically object to the trial
court and secure an adverse ruling.  See
Tex. R. App. P. 33.1; Turner
v. State, 805 S.W.2d 423, 431 (Tex. Crim. App. 1991).  We have not been directed to, nor have we
found any objection in the record to the competency of the victim=s testimony or
the lack of an adequate determination at trial. 
As such, we conclude that appellant has not preserved for review the
contention presented in his first issue. 
See Tex. R. App. P.
33.1.

Nevertheless, even if error had been preserved as to the victim=s competency to
testify, we find no error.  Throughout E.M.=s testimony, he
demonstrated a knowledgeable, respectful, courteous, and straightforward
demeanor in answering all questions. 
E.M.=s answers to the questions propounded
upon him were intelligibly articulated, especially when considering he was only
seven years old.  Occasionally E.M. did
not understand a question posed to him, and when this occurred he would calmly
ask for the question to be repeated or clarified.  Furthermore, on several occasions when E.M.
did not know the answer to a question, he would reply that he did not know the
answer.  After reviewing E.M.=s testimony at
trial, there is no doubt that he demonstrated his competency to intelligently
observe the events in question at the time they happened,  recollect them, and clearly articulate and
narrate them to the court and the jury. 
Therefore, there was no error, and appellant=s first issue
is overruled.       

AOutcry@ Statement








In appellant=s second issue,
he asserts the trial court erred in introducing E.M.=s Aoutcry@
statement.  Appellant objected to the
testimony of E.M.=s mother, in which she described what
E.M. told her about the sexual assault. 
More specifically, appellant asserts that E.M.=s statement to
his mother was not a Aproper >outcry= statement,@ and therefore,
it should have been inadmissible hearsay.

The standard of review when challenging the admission of evidence
is abuse of discretion.  See, e.g.,
Montgomery v. State, 810 S.W.2d 372, 379-80 (Tex. Crim. App. 1990).  The court of criminal appeals has stated that
the trial court abuses its discretion when it acts Awithout
reference to any guiding rules and principles.@  Id. at 380 (quoting Downer v.
Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985)).  In other words, the court abuses its
discretion when it acts arbitrarily or unreasonably.  Id. 
Moreover, the fact that a trial judge may decide a matter, within its
discretionary authority, in a different manner than an appellate court does not
mean there is an abuse of discretion.  Downer,
701 S.W.2d at 241-42.  Finally, if the
trial court=s ruling on the admission of evidence
can be correct under any theory of law, then the decision cannot be overruled,
even if the trial court gave an erroneous reason for its ruling.  Tex.
R. App. P. 44.2(a); see Romero v. State, 800 S.W.2d 539, 543
(Tex. Crim. App. 1990). 








Ordinarily, the statements that E.M. made to his mother would be
inadmissible hearsay at trial.  Tex. R. Evid. 802.  However, our statutes make an Aoutcry@ statement an
exception to the hearsay rule for the first report of sexual abuse that the
victimized child makes to an adult.  Tex. Code Crim. Proc. Ann. art. 38.072,
' 2(a) (Vernon
2003) (applicable in the trial of an adult); see Tex. Fam. Code Ann. ' 54.031(b)
(Vernon 2003) (applicable in the trial of a juvenile).[1] 
In allowing the testimony from the first person told about the assault,
the Texas Legislature attempted to strike a balance Abetween the necessity of introducing the
child=s statement through an adult witness and
the necessity of avoiding the dangers implicit in hearsay itself.@  Garcia
v. State,  792 S.W.2d 88, 93 (Tex.
Crim. App. 1990) (Clinton, J., dissenting). 


Here, the trial court held that
E.M.=s statement to his mother was admissible
because the requirements of article 38.072 had been satisfied.  Section 2 of article 38.072 allows for the
admission of hearsay Aoutcry@ statements of
a child in a prosecution of certain sexual offenses, if committed against a
child twelve years of age or younger.   See Tex.
Code Crim. Proc. Ann. art. 38.072, ' 2 (Vernon
2005).  Immediately before trial
commenced, the trial court held a hearing, outside the presence of the jury, at
which E.M.=s mother was
questioned regarding the circumstances of E.M.=s Aoutcry@
statement.  Without expressly finding
E.M.=s statement
reliable, the trial court ruled that the provisions of article 38.072 had been
satisfied.  Specifically, the trial court
noted that (1) E.M.=s statement was
Amore than a
vague and general statement about what happened,@ (2) E.M.=s mother was Athe first
person over eighteen that E.M. talked to,@ (3) the State
gave the required notice to appellant of its intent to use the outcry witness,
and (4) E.M. is available and Awill be able to
testify.@  








Accordingly, E.M.=s mother was
allowed to testify regarding E.M=s Aoutcry@
statement.  She testified that E.M. had told
her that appellant Aput his private
inside his butt@ and that appellant Awould pee in
his contact and then he=d throw it
away.@  E.M.=s mother
further testified that she believed that when E.M. referred to Acontact,@ he was
referring to a condom.  She further
stated that when E.M. said he Apeed in the
contact [condom],@ he meant that to be Asperm.@  E.M.=s mother added
that she believed E.M. was telling the truth and not making up the allegations
of sexual assault.  Finally, she stated
that she and E.M. had nothing to gain from this accusation because appellant
and his immediate family were Athe only family
they had.@      

Appellant objected that the statement was inadmissible hearsay
because the mother=s testimony
during the article 38.072  hearing
disclosed that the statement was not voluntary and spontaneous but suggested by
the mother=s prodding
questions.  Additionally, appellant
raises the contentions that the trial court failed to find that E.M.=s statement was
Areliable based
on the time, content, and circumstances of the statement@ as required by
article 38.072.  See id.  Therefore, appellant essentially argues that
the trial court did not consider the relevant indicia of reliability in finding
that the statement was reliable.[2]








The Texas Supreme Court and many of our sister courts have held
that the trial court may consider the following indicia of reliability in the
admission of a child=s outcry
statement:  whether (1) the victim
testifies at trial and admits making the out-of-court statement; (2) the child
understands the need to tell the truth and has the ability to observe,
recollect, and narrate; (3) other evidence corroborates the statement; (4) the
child made the statement spontaneously in his own terminology or whether
evidence exists of prior prompting or manipulation by adults; (5) the child=s statement is
clear and unambiguous and rises to the needed level of certainty; (6) the
statement is consistent with other evidence; (7) the statement describes an
event that a child of that age could not be expected to fabricate; (8) the
child behaves abnormally after the contact; (9) the child has a motive to
fabricate the statement; (10) the child expects punishment because of reporting
the conduct; and (11) the accused had the opportunity to commit the
offense.  See In re Z.L.B.,102
S.W.3d 120, 121 (Tex. 2003) (quoting Buckley v. State, 758 S.W.2d 339, 343-44
(Tex. App.BTexarkana
1988), aff=d, 786 S.W.2d
357 (Tex. Crim. App. 1990)); Villareal v. State, 811 S.W.2d 212, 216
(Tex. App.BHouston [14th
Dist.] 1991, no pet.); Norris v. State, 788 S.W.2d 65, 70-71 (Tex. App.BDallas 1990,
pet. ref=d).








Applying these factors here, we see that the victim, E.M., testified
at trial to making the statement to his mother. 
In fact, E.M. vividly recited the circumstances and details of where he
was and where he was going when he first told his mother that appellant had
sexually assaulted him.  E.M. recalled
that he and his mother were in the car driving to a computer store Ato fix [his mom=s] computer@ when he first
posed the question, AMom why does
[appellant] do those things to me?@ 

With respect to the fourth prong, we note that E.M.=s Aoutcry@ to his mother
could not have been more spontaneous.[3]  Both E.M. and his mother testified that
E.M. brought the subject up when they were driving in the car while running
errands.  There is no indication that
they were discussing anything sexual, nor is there any indication that they
were even discussing appellant. 
Therefore, E.M.=s outcry
unquestionably arose from a Amomentary
impulse@ and was Aself-acting.@  








Moreover, in E.M.=s Aoutcry@ statement, and
subsequent testimony, he undoubtedly used his own terminology.  For example, E.M. referred to the condom(s)
that appellant used as a Acontact.@  E.M., in his testimony, described what he
meant by Acontact.@  There is no doubt that he was describing a
condom even though he obviously did not know exactly what a Acondom@ was.  Furthermore, E.M. stated that appellant Awould pee
inside the [condom].@  It is patently obvious from the context that
E.M. described appellant ejaculating.  A
seven-year-old boy would not know the word Aejaculation@ nor know what
it is.  Thus, the record is clear that
E.M. used his own terminology to describe the sexual assault.  As such, the record is unmistakable that E.M.=s statement was
spontaneous.  Furthermore, the statements
were corroborated not only by his own testimony, but by that of E.M.=s mother and by
Nurse Sonja Eddleman from the Child Abuse Resource and Evaluation Team at
Driscoll Children=s Hospital in Corpus Christi.  Therefore, his Aoutcry@ statement
satisfies the requirements of being reliable and admissible. 

Although E.M.=s statement was
made in response to some inquiry from his mother, given the attendant
circumstances, the trial judge was justified in concluding that E.M.=s statement was
not the product of his mother=s manipulative
conduct, nor could the statement be categorized as Aanswers to an
interview or interrogation,@ as appellant
contends.  There is no doubt that the Aoutcry@ statement was Areliable based
on the time, content, and circumstances of the statement.@ As such, the
trial judge substantially complied with article 38.072, and therefore, did not abuse his
discretion in admitting E.M.=s outcry statement.  See Tex.
Code Crim. Proc. Ann. art. 38.072.  Accordingly, appellant=s second issue is overruled.

Conclusion

Having overruled
appellant=s issues, we affirm the judgment of the
trial court.

 

 

                                           

Rogelio Valdez,

Chief Justice

 

 

Do not publish.

Tex. R. App. P. 47.2(b).

 

Memorandum Opinion delivered and filed

this 22nd day of August, 2005.











[1]Before the outcry exception was
added by statute, outcry testimony was sometimes admitted through the Aexcited utterance@ hearsay exception under Texas Rule
of Evidence 803(2), or the common-law Ahue and cry@ rule.  See, e.g.,
Buckley v. State, 758 S.W.2d 339, 345 (Tex. App.BTexarkana 1998) (Cornelius, C.J.,
concurring), aff=d,
786 S.W.2d 357 (Tex. Crim. App. 1990).

 





[2]Pursuant to sections (b)(1)(A), (B)
and (C) of article 38.072, the State gave timely notice of its intent to call
E.M.=s mother during its case in chief
to relate a hearsay statement made to her by E.M., which the State believed to
be the child=s first outcry.  Appellant asserted at the trial court that
E.M.=s mother  was not the first person over eighteen to
whom E.M. relayed this information. 
However, the trial court expressly ruled that E.M.=s mother was the first person over
eighteen with whom the victim talked with about the sexual assault.  

Since the trial
court is the exclusive trier of fact in a hearing to suppress evidence, the
court may choose to believe or disbelieve any or all of a witnesses= testimony.  Taylor v. State, 604 S.W.2d 175, 178
(Tex. Crim. App. 1980).  The trial court
chose to believe that E.M.=s mother was the
first adult whom E.M. told about the sexual assault.  As such, we cannot overrule this ruling
absent a clear abuse of discretion.  See
Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985).  There is nothing in the record to indicate
that Castrejon was not the first adult E.M. told regarding the sexual
assault.  Accordingly, we cannot sustain
appellant=s argument on this ground because the
trial court has not clearly abused its discretion on this basis. 


 
 
  
 
 


 





[3]Spontaneous is defined as:  (1) proceeding from natural feeling or native
tendency without external constraint; (2) arising from a momentary impulse; or
(3) controlled and directed internally, self-acting.  See WEBSTER=S DICTIONARY (11th ed. 2004).