**In the Matter of Z.L.B.**

No. 01–1209.

Supreme Court of Texas.

March 13, 2003.

Charles Patrick Reynolds, Assistant District Attorney, William T. (Bill) Hill, Dallas County Criminal District Attorney's Office, Dallas, Winnie B. Beck, for petitioner.

Derrick John Morrison, Dallas County Public Defender, George E. Ashford, Michael Keith Bryant, Dallas, Kellye Reeves Swanda, Dean M. Swanda, Arlington, for respondent.

PER CURIAM.

In the trial of a juvenile for certain sexual or assaultive offenses, the Texas Family Code makes an "outcry" exception to the hearsay rule for "statements that describe the alleged violation that: (1) were made by the child who is the alleged victim of the violation; and (2) were made to the first person, 18 years of age or older, to whom the child made a statement about the violation." TEX. FAM.CODE § 54.031(b); *see also* TEX.CODE CRIM. PROC. art. 38.072 § 2(a) (*containing a nearly identical provision applicable in adult criminal proceedings*). We must decide who bears the burden to produce evidence of an earlier statement when the defendant claims that the prosecution's proffered outcry witness was not the "first person" to whom a sufficient statement was made. The court of appeals placed this burden on the prosecution. 56 S.W.3d 818. We hold that once the prosecution has laid the initial predicate to establish an outcry witness, the burden shifts to the defendant to prove that the child made an earlier statement to another individual. Because the defendant in this case failed to introduce

evidence of an earlier statement, we reverse the court of appeals' judgment.

In 1999, five-year-old J.M. reported to his daycare director that his twelve-year-old brother Z.L.B. was "touching his privates" and that J.M. "wanted him to stop." The daycare director, Gail Sullivan, contacted Child Protective Services (CPS), which in turn contacted the police department. After the police questioned him, Z.L.B. provided a written confession stipulating that he had "pulled his [brother's] pants down" and "touched his brother's privates four or five times in the closet and living room" and that he was "sorry about [his] actions."

The Dallas County criminal district attorney subsequently charged Z.L.B. with engaging in delinquent conduct by engaging in sexual contact with a child. At trial, which was to the court, the prosecution called Sullivan as a witness. Z.L.B. objected to Sullivan's outcry testimony on the basis that J.M. had made an earlier outcry to his mother. The prosecutor agreed that J.M. may have made an earlier statement to his mother, but argued that the mother would not be an appropriate outcry witness as she "did nothing and was adverse to the State." The judge permitted the director to testify, but stated that "[t]o the extent that [defense counsel is] able to establish at some later point that this wasn't an outcry statement, that it wasn't the first statement made, then I will deal with that. And if I need to, I will disregard it."

The defendant then took Sullivan on voir dire. Sullivan testified: "I asked [J.M.] if he had told mommy. And he said 'yes.' And I said 'then what did mommy do?' and

he said 'nothing.' " This was the only evidence of an earlier outcry in the record. After finding the allegations against Z.L.B. to be true, the trial court made an adjudication of delinquency. On disposition, the judge assigned Z.L.B. to two years' intensive-supervision probation in his grandfather's custody. The judge further ordered Z.L.B. to have no contact with J.M. or other young children and to participate in community service and in sex offender counseling.

Z.L.B. appealed his adjudication. The court of appeals held that the trial court erred in permitting Sullivan to testify as the outcry witness. 56 S.W.3d at 823. Specifically, the court held that "[b]y failing to counter appellant's objection with evidence showing appellant's mother could not be the outcry witness, the State failed to meet its burden of establishing compliance with the outcry statute." *Id.* at 822.

Ordinarily, the statements that J.M. made to his daycare director would be inadmissible hearsay at trial. TEX.R. EVID. 802. However, our statute makes an "outcry" exception to the hearsay rule for the first report of sexual abuse that the child makes to an adult. TEX. FAM.CODE § 54.031(b) (applicable in the trial of a juvenile); TEX.CODE CRIM. PROC. art. 38.072 § 2(a) (applicable in the trial of an adult).[1] A majority of states have enacted similar hearsay exceptions for a child's out-of-court statement about sexual abuse. *See Buckley v. State,* 758 S.W.2d 339, 342 (Tex. App.-Texarkana 1988), *aff'd,* 786 S.W.2d 357 (Tex.Crim.App.1990). By allowing testimony only from the "first person" that the child told, the Texas statute strikes a balance "between the necessity of intro-

---

1. Before the outcry exception was added to the statute, outcry testimony was sometimes admitted through either the "excited utterance" hearsay exception, TEX.R. EVID. 803(2), or the common-law "hue and cry" rule. *See*

*Buckley v. State,* 758 S.W.2d 339, 345 (Tex. App.-Texarkana 1988) (Cornelius, C.J., concurring), *aff'd,* 786 S.W.2d 357 (Tex.Crim. App.1990).

ducing the child's statements through an adult witness and the necessity of avoiding the dangers implicit in hearsay itself." *Garcia v. State,* 792 S.W.2d 88, 93 (Tex. Crim.App.1990) (Clinton, J., dissenting).

In applying the outcry exception to the trial of an adult, the Court of Criminal Appeals has held that the outcry statement must be one that "in some discernible manner describes the alleged offense." *Garcia v. State,* 792 S.W.2d 88, 91 (Tex. Crim.App.1990). It also "must be more than words which give a general allusion that something in the area of child abuse was going on." *Id.* The court went on to note that by adding the outcry exception to the statute, the Legislature "was obviously striking a balance between the general prohibition against hearsay and the specific societal desire to curb the sexual abuse of children." *Id.* The court concluded that "the societal interest in curbing child abuse would hardly be served if all that 'first person' had to testify to was a general allegation from the child that something in the area of child abuse was going on at home." *Id.*

In this case, there is some indication that J.M. may have told his mother about the abuse, making her the appropriate outcry witness. However, the record does not show what J.M. actually said to her; we only know that he told his daycare director that he already "had told mommy." Without more information, we cannot know what J.M. actually said to his mother. His statement may have been as vague as that he "wanted [Z.L.B.] to stop," like he first told Sullivan, or it could have included specific details about Z.L.B.'s conduct. Without evidence of the contents of J.M.'s statement to his mother we cannot know if she would have been a proper outcry witness.

The court of appeals in this case put the burden to establish the contents of that statement on the prosecution. It held that "the State failed to establish the daycare director was a qualified outcry witness" because the prosecutor "fail[ed] to counter appellant's objection with evidence showing appellant's mother could not be the outcry witness." 56 S.W.3d at 822. This approach contradicts the scheme laid out by the Court of Criminal Appeals. *See Garcia,* 792 S.W.2d at 91. In *Garcia,* the defendant also objected to a witness's outcry testimony, alleging that the child had made an earlier statement to her teacher. *Id.* At trial, the child was asked, "What did you tell your teacher there in the classroom?" *Id.* She answered, "Well, I told her what happened." *Id.* The Court of Criminal Appeals concluded that the "general phrases in evidence ... apparently did not, in context, and in the trial court's view, amount to more than the general allusion heretofore condemned." *Id.* The court also noted that "the State did lay a proper predicate" for its witness's outcry testimony, and that the defendant therefore had the burden to "rebut this predicate" by introducing evidence to show that the child had made a sufficient first outcry to the teacher. *Id.*

In *Hayden v. State,* 928 S.W.2d 229, 231 (Tex.App.-Houston [14th Dist.] 1996, pet. ref'd), a CPS caseworker testified as the outcry witness even though the child testified that "the first person [she] told" was her school counselor. *Id.* The court noted that "[a]lthough [the counselor] was the first person the complainant told about the sexual abuse, there is no evidence that the complainant described to her the details of the alleged abuse." *Id.* The court cited *Garcia* for the proposition that "where the record is void of specific details of statements made by the complainant to an individual, such individual cannot be an outcry witness under article 38.072." *Id.* Consequently, the court held that "the trial court

did not abuse its discretion by allowing [the caseworker] to testify as an outcry witness under article 38.072." *Id.*

We are persuaded that the outcry statute should be interpreted no differently in a juvenile trial than in an adult criminal trial. Therefore, the defendant in this case had the burden to introduce evidence that J.M.'s statement to his mother was more than just a general allusion to abuse. Since the defendant failed to introduce such evidence, the trial court did not abuse its discretion in allowing Sullivan to testify as the outcry witness. The court of appeals erred in holding to the contrary. Accordingly, pursuant to Rule 59.1 of the Texas Rules of Appellate Procedure, without hearing oral argument, the Court grants the state's petition for review, reverses the court of appeals' judgment, and remands the case to that court for further proceedings.