In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-128 CV


____________________



IN THE MATTER OF C.E.B., III






On Appeal from the 9th District Court


Montgomery County, Texas


Trial Cause No. 03-09-7118-JV






MEMORANDUM OPINION



 A jury found true the allegation that C.E.B., a juvenile, committed the offense of
indecency with a child, pursuant to Tex. Pen. Code Ann. §21.11(a)(1) (Vernon 2003). 
C.E.B. elected to have the trial court determine disposition and the trial court imposed a
determinate sentence of three years' confinement at the Texas Youth Commission. C.E.B.
raises two issues in which he complains of the trial court's error in admitting outcry
testimony and of an impermissibly suggestive pre-trial identification procedure.

 In August, 2003, L.K. (Leilani) and her family went to an R.V. park at Lake Conroe,
Texas, for the weekend. The night of their arrival, the family went to dinner at the park's
café. Leilani sat her four-year-old daughter, H.K., at a table to watch television. As Leilani
stood in the doorway, she observed C.E.B. sit next to H.K. and stroke her arm. When Leilani
went to pay, she could not observe H.K. As Leilani was getting drinks, H.K. approached her
and said "'that boy' licked my ear, and he told me he loved me and he wanted to marry me,
and he touched my private." Leilani asked H.K to "show mama what you mean by your
privates," and H.K. "cupped her hand over her crotch area." When asked if H.K. told Leilani
what he touched her with, Leilani testified, "[h]is hand." Several hours later, Leilani reported
the incident to park staff. The family left the park the next morning. Subsequently, Leilani
spoke with the Montgomery County Sheriff's Department. She picked C.E.B. out of a
photographic line-up and identified him in court. 

 In his first point of error, C.E.B. argues the trial court erred by allowing H.K.'s outcry
statement into evidence over a hearsay objection without conducting a reliability hearing
outside the presence of the jury. Section 54.031 of the Family Code contains an exception
to the hearsay rule for statements made by a victim of child abuse. See Tex. Fam. Code.
Ann. §54.031 (Vernon 2002); see also Tex. R. Evid. 801(d). (1) Section 54.031 applies to a
hearing in which a child is alleged to be delinquent on the basis of a violation of Chapter 21
of the Penal Code, if the alleged victim is twelve years of age or younger. Tex. Fam. Code.
Ann. §54.031(a). Further, section 54.031 applies to statements describing the alleged
violation that were made by the victim to the first person, eighteen years of age or older, to
whom the victim made a statement. Tex. Fam. Code. Ann. §54.031(b). A statement that
meets those requirements is admissible despite the hearsay rule if certain conditions are met.
Tex. Fam. Code. Ann. §54.031(c). One of those conditions is that "the juvenile court finds,
in a hearing conducted outside the presence of the jury, that the statement is reliable based
on the time, content, and circumstances of the statement . . . ." Tex. Fam. Code. Ann. §
54.031(c)(2). See also In the Matter of G.M.P., 909 S.W.2d 198, 206-07 (Tex. App.--
Houston [14th Dist.] 1995, no pet.). It is this requirement that C.E.B. claims was not
satisfied.

 The record reflects that during direct examination, Leilani began to reveal what H.K.
said when defense counsel made a timely hearsay objection. The State answered, "we filed
an outcry statement with the Court which is an exception to the hearsay rule." The trial court
agreed and overruled defense counsel's objection. It is clear the trial court failed to conduct
a hearing outside the presence of the jury to determine the reliability of the outcry statement
in accordance with section 54.031. Id. 

 The State argues that because C.E.B.'s objection was to hearsay instead of reliability,
based on time, content or circumstances, C.E.B. failed to preserve the issue for review. The
State further contends that even though the trial court did not conduct a hearing to determine
if H.K.'s statements were reliable, such a finding by the trial court can be implied from the
trial court's admission of Leilani's testimony.

 Testimony disclosing an outcry statement is only admissible as a statutory exception
to the hearsay rule; therefore, the requirements of the statute must be met for a statement to
be admissible over a hearsay objection. Long v. State, 800 S.W.2d 545, 547 (Tex. Crim.
App. 1990); In the Matter of G.M.P., 909 S.W.2d at 207. (2) Since the statute pertains only to
hearsay statements of child abuse victims, failure to specifically cite to the statute or to
request a hearing does not waive an appellant's right to appellate review. Long, 800 S.W.2d
at 548. Accordingly, the issue was preserved for our review. Because the record reflects the
requirement of section 54.031(c)(2) was not satisfied, the trial court erred in admitting the
statement over a hearsay objection. Tex. Fam. Code Ann. §54.031(c)(2); Long, 800 S.W.2d
at 547-48; see also In the Matter of G.M.P., 909 S.W.2d at 207.

 Relying on Nolen v. State, 872 S.W.2d 807, 812 (Tex. App.--Fort Worth 1994, pet.
ref'd), the State argues the trial court's finding of reliability may be implied from the trial
court's admission of the outcry statement. The issue raised in Nolen was whether the trial
court abused its discretion by failing to conduct a balancing test after a timely objection
under Tex. R. Evid. 403. Id. Nolen does not support the State's position that the
requirements of section 54.031 do not have to be met for the hearsay testimony to be
admissible. We do not disagree that the trial court's finding of reliability can be implied
from the admission of the evidence, when it is admitted after the hearing has been held. See
Gabriel v. State, 973 S.W.2d 715, 718 (Tex. App.--Waco 1998, no pet.). The State cites no
authority, and we are aware of none, holding the hearsay testimony of an outcry witness is
admissible absent the statutorily required hearing. Accordingly, we find the trial court erred
in admitting the testimony.

 Having found error, we now consider whether that error was harmful. See Tex. R.
App. P. 44. The State argues the error is harmless under either the civil or criminal rules
while C.E.B. contends the civil rule governs. The Supreme Court of Texas has
acknowledged juvenile proceedings are quasi-criminal in nature, but it has not determined
whether the criminal or civil rules for harm analysis are employed on appeal. See In re
D.I.B., 988 S.W.2d 753, 756 (Tex. 1999). In D.I.B. the court noted the State relied on the
civil rules and appellant did not challenge their application. Id. The court then found,
"[t]hus, we are not called upon to decide whether the criminal rule should govern a harm
analysis in a juvenile case such as this one." Id. In light of C.E.B.'s application of the civil
rules, and in accordance with D.I.B., we evaluate whether the error was harmless pursuant
to the rule for reversible error in civil cases. See Tex. R. App. P. 44.1(a)(1) (The trial court's
error is reversible if it probably caused the rendition of an improper judgment).

 In this case, the same evidence was admitted through the videotaped testimony of H.
K. (3) H.K. told a forensic interviewer that a boy "started to do things to me." She described
those things as, "he licked my ear . . . with his tongue" and "he put his hand on my private." 
H.K. said he "touched it with his hand." Furthermore, defense counsel solicited the same
outcry testimony on cross-examination of the outcry witness. Leilani's testimony as the
outcry witness was not the only evidence that C.E.B. engaged in sexual contact with H.K.
by touching "any part of the genitals." See Tex. Pen. Code Ann. §21.11(c)(1) (Vernon
2003). Because the jury heard other evidence of sexual contact, we are unable to say the trial
court's error probably caused the rendition of an improper judgment. C.E.B.'s first point of
error is overruled. 

 In his second point of error, C.E.B. argues the trial court erred in allowing an in-court
identification of him based on an impermissibly suggestive pre-trial identification procedure. 
C.E.B. complains of four events that tainted the in-court identification: (1) the photographic
array, (2) a phone call from C.E.B.'s probation officer to the identifying witness, (3)
information relayed to the identifying witness that C.E.B. had an affinity for showing
"uncharacteristic" affection toward small children, and (4) the fact the identifying witness
was unaware that H.K. had made a similar outcry at the age of two. Regarding the second
event, the phone call from the probation officer was made three months before the
photographic line-up occurred. Leilani testified no one suggested to her which of the
photographs showed C.E.B. and C.E.B. does not refer this Court to any contrary evidence. 
C.E.B's argument fails to address the third event. See Tex. R. App. P. 38.1(h). As to event
four, C.E.B. fails to explain how that fact could have affected the pre-trial identification
procedure. See id. Therefore, we only address the merits of C.E.B.'s complaints regarding
the photographic array.

 In considering whether the array tainted the identification, we note: 

 In considering the scope of due process rights afforded a defendant with
regard to the admission of identification evidence, the United States Supreme
Court has held that a pre-trial identification procedure may be so suggestive
and conducive to mistaken identification that subsequent use of that
identification at trial would deny the accused due process of law. Hence, the
Court formulated a two step analysis to determine the admissibility of an
in-court identification: 1) whether the out-of-court identification procedure
was impermissibly suggestive; and 2) whether that suggestive procedure gave
rise to a very substantial likelihood of irreparable misidentification. An
analysis under these steps requires an examination of the "totality of the
circumstances" surrounding the particular case and a determination of the
reliability of the identification.


Barley v. State, 906 S.W.2d 27, 32-33 (Tex. Crim. App. 1995) (citations and footnotes
omitted). Suggestiveness may be created by the manner in which a pre-trial identification
procedure is conducted or by the content of the photo array itself if the suspect is the only
individual closely resembling the pre-procedure description. Id. at 33. "Furthermore, an
individual procedure may be suggestive or the cumulative effect of the procedures may be
suggestive." Id. It is the defendant's burden to establish by clear and convincing evidence
that the pre-trial identification procedure was impermissibly suggestive. Id. at 33-34.

 C.E.B. claims the photographic line-up was impermissibly suggestive because it
contained only three photographs. C.E.B. cites no authority supporting his position that an
array must contain a certain number of photographs. See Tex. R. App. P. 38.1(h). In Ford
v. State, 794 S.W.2d 863, 866 (Tex. App.--El Paso 1990, pet. ref'd), the court found the array
assembled was in effect two three-photograph arrays with a different suspect in each, instead
of one six-photograph array with only one suspect in it. The court did not find that was an
impermissibly suggestive array. Id. C.E.B. further contends the background on one of the
photographs was noticeably different from the other two. Differences in background setting
are not necessarily impermissibly suggestive. See Barley, 906 S.W.2d at 33-34. In the
instant case, it was not C.E.B.'s photograph that had a dissimilar background; his photograph
and one other had similar backgrounds. C.E.B. further argues the hairstyles of the other two
individuals in the array were drastically different from his own. "Subjects in either a
photographic array or a physical lineup need not be identical. Their similarities in
appearance should be adequate to provide a reasonable test for the witness's capacity to
reliably identify the perpetrator." Ford, 794 S.W.2d at 866. While the other two pictures
showed individuals with slightly shorter haircuts than C.E.B., the styles were not so
dissimilar as to be suggestive. For these reasons, we find C.E.B. has not shown by clear and
convincing evidence that the photographic array was impermissibly suggestive. It is
therefore unnecessary to address whether it created a substantial likelihood of
misidentification. Barley, 906 S.W.2d at 33. Point of error two is overruled and the
judgment of the trial court is affirmed.

 AFFIRMED.




 CHARLES KREGER 
 Justice


Submitted on February 11, 2005

Opinion Delivered June 30, 2005



Before McKeithen, C.J., Gaultney, and Kreger, JJ.

1. Section 54.031 is applicable in the trial of a juvenile and is the civil counterpart of
the Code of Criminal Procedure's article 38.072, applicable in adult criminal proceedings. 
Tex. Fam. Code Ann. §54.031 (Vernon 2002); Tex. Code Crim. Proc. Ann. art. 38.072
(Vernon 2005).
2. The statute is interpreted no differently in a juvenile trial than in an adult criminal
trial. See In the Matter of Z.L.B., 102 S.W.3d 120 (Tex. 2003). 
3. Defense counsel objected to the admission of the videotape during trial but that
issue has not been presented on appeal.