In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-09-00205-CR

                                                ______________________________

 

 

                            HAROLD DONNIE HALBROOK,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 196th
Judicial District Court

                                                              Hunt County, Texas

                                                            Trial
Court No. 24883

 

                                                           
                                       

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                                          Opinion by Justice Carter








                                                                   O P I N I O N

 

            Six-year-old
M.L. was made to suffer sexual abuse at the hand of her stepfather, Harold Donnie
Halbrook.  Indictments returned against
Halbrook alleged that on or about July 7 and 18,  2007, he “cause[d] his sexual organ to
contact and/or penetrate the mouth of [M.L.].” 
Trial to a jury led to convictions upon two counts of aggravated sexual
assault of a child and a punishment assessment of life imprisonment.  Halbrook appeals his convictions on the
grounds that the evidence is legally and factually insufficient to support them
and that the trial court erred in admitting police officer’s testimony and
video.  We will affirm the trial court’s
judgments.[1]


I.         Sufficient Evidence Supports Halbrook’s
Convictions 

 

            A.       Standard
of Review

 

            We review
the legal and factual sufficiency of the evidence supporting Halbrook’s
convictions under well-established standards. 
In conducting a legal sufficiency review, we consider the evidence in
the light most favorable to the verdict to determine whether any rational jury
could have found the essential elements of the crime beyond a reasonable
doubt.  Sanders v. State, 119 S.W.3d 818, 820 (Tex. Crim. App. 2003).  We must give deference to the responsibility
of the jury “to fairly resolve conflicts in testimony, to weigh the evidence,
and to draw reasonable inferences from basic facts to ultimate facts.”  Hooper
v. State, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing Jackson v. Virginia, 443 U.S. 307,
318–19 (1979)).  We are not required to
determine whether we believe that the evidence at trial established guilt
beyond a reasonable doubt; rather, when faced with conflicting evidence, we
must presume that the jury resolved any such conflict in favor of the
prosecution, and we must defer to that resolution.  State
v. Turro, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993).  

            In
conducting a factual sufficiency review, we consider the evidence in a neutral
light.  Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006).  The verdict will be set aside only if (1) it
is so contrary to the overwhelming weight of the evidence as to be clearly
wrong and manifestly unjust, or (2) it is against the great weight and
preponderance of the evidence.  Id. at 414–15 (citing Johnson v. State, 23 S.W.3d 1, 11 (Tex.
Crim. App. 2000)).  Both legal and
factual sufficiency are measured by the elements of the offense as defined by a
hypothetically correct jury charge.  Malik v. State, 953 S.W.2d 234, 240
(Tex. Crim. App. 1997); see also Grotti
v. State, 273 S.W.3d 273, 280 (Tex. Crim. App. 2008). 

            Under a
hypothetically correct jury charge, Halbrook committed the offense of
aggravated sexual assault of a child if he intentionally or knowingly caused
the penetration of the mouth of M.L. by his sexual organ, and M.L. was younger
than fourteen years of age at the time.  Tex. Penal Code Ann. § 22.021(a)(1)(B)(ii),
(2)(B) (Vernon Supp. 2009).  A person
acts intentionally with respect to the nature of his or her conduct or to a
result of his or her conduct when it is their conscious objective or desire to
engage in the conduct or cause the result; a person acts knowingly with respect
to a nature of his or her conduct or the circumstances surrounding their conduct
when he or she is aware of the nature of their conduct or that the
circumstances exist.  A person acts
knowingly with respect to a result of his or her conduct when they are aware
that the conduct is reasonably certain to cause the result.  Tex.
Penal Code Ann. § 6.03(a), (b) (Vernon 2003).

            B.        Time
of Offense 

 

            Halbrook
first complains that the evidence is insufficient to establish that the
offenses occurred within the time frame alleged by the State.  The State is not required to allege a
specific date in an indictment.  Mitchell v. State, 168 Tex. Crim. 606,
330 S.W.2d 459, 462 (1959).  “It is well
settled the “on or about” language of an indictment allows the State to prove a
date other than the one alleged in the indictment as long as the date is
anterior to the presentment of the indictment and within the statutory
limitation period.”  Sledge v. State, 953 S.W.2d 253, 256 (Tex. Crim. App. 1997) (citing
Tex. Code Crim. Proc. Ann. art.
21.02(6) (Vernon 2009); Scoggan v. State,
799 S.W.2d 679, 680 n.3 (Tex. Crim. App. 1990)) (“[T]he State is not bound by
the date alleged in the indictment . . . so long as the date proved is a date
anterior to the presentment of indictment and the crime’s occurrence is not so
remote as to be barred by limitation.”); Thomas
v. State, 753 S.W.2d 688, 692 (Tex. Crim. App. 1988) (“[W]here an
indictment alleges that some relevant event transpired ‘on or about’ a
particular date, the accused is put on notice to prepare for proof that the
event happened at any time within the statutory period of limitations.”).  The indictments alleged a date after which
M.L. spoke with the police.  Aggravated
sexual assault of a child under Section 22.021(a)(1)(B) of the Texas Penal Code
is an offense for which there is no limitation by statute.  See Tex. Code Crim. Proc. Ann. art.
12.01(1)(B) (Vernon Supp. 2009). 

Thus, the State proved that the offense occurred more than
once prior to the date alleged in the indictment.  

            C.       The
Evidence

 

            Deputy
Nathan Ehrhart was led to Halbrook’s home after receiving a tip from a
concerned parent.  M.L. was taken to the
Crisis Center of Northeast Texas, where she was interviewed by executive
director Kacy Flanagan.  The video
recording of M.L.’s interview was played for the jury, in which she told
Flanagan that Halbrook “made me suck on his winkie” “lots of times.”  

            “The
testimony of a child sexual abuse victim alone is sufficient to support a
conviction for aggravated sexual assault.” 
Ozuna v. State, 199 S.W.3d
601, 606 (Tex. App.—Corpus Christi 2006, no pet.) (citing Tex. Code Crim. Proc. Ann. art. 38.07
(Vernon 2005); Garcia v. State, 563
S.W.2d 925, 928 (Tex. Crim. App. 1978)). 
M.L. testified in front of the jury that her stepfather, “Donny” touched
the inside of her mouth with the “front part” used for “[g]oing to the restroom”
a “lot of times.”[2]  M.L. illustrated this act for the jury
through stick figure drawings.    

            Looking at
this evidence in the light most favorable to the verdict, we determine that a
rational jury could have found the following beyond a reasonable doubt:  that Halbrook, a.k.a “Donny,” intentionally
or knowingly caused the penetration of the mouth of M.L. by his sexual organ, more
than one time, and that M.L. was younger than fourteen years of age at the
time.  Tex.
Penal Code Ann. § 22.021(a)(1)(A)(i), (2)(B) (Vernon Supp. 2009); Watson, 204 S.W.3d at 414–15.  Even examined under a neutral light, we find
that the verdict was not clearly wrong, manifestly unjust, or against the great
weight and preponderance of the evidence. 
Id. at 415 (citing Johnson, 23 S.W.3d at 11).   Thus,
the evidence was both legally and factually sufficient. 

II.       Admission of Ehrhart’s Testimony as Outcry
Statements Was Not Error

 

            Ehrhart stated that M.L. “simply
told me that her father was making her put his penis in her mouth.”  A video of Ehrhart’s initial visit and
interview with the children was played for the jury, in which M.L. implicated
Halbrook.  Halbrook’s counsel objected to
Ehrhart’s testimony and police car video of the interview, alleging that they
were hearsay and that “M.L. testified the first adult she told was her uncle.”   

            If a “statement
about the offense” alleged is made by a victim under fourteen years of age, “the
first person, 18 years of age or older,” to whom the statement was made may
testify about the victim’s statements at trial.  Tex.
Code Crim. Proc. Ann. art. 38.072, § 2 (Vernon Supp. 2009).  Testimony of such an outcry witness is an
exception to the hearsay rule.  Padilla v. State, 278 S.W.3d 98, 107
(Tex. App.—Texarkana 2009, pet. ref’d).  

            In this
case, direct examination of M.L. produced the following:

 

Q.        Did
you ever talk to anyone like your mom or a police officer or the judge?  

 

A.        I
told the police officer . . . .

 

Q.        Had
you ever told your mama before you told the policeman?

 

A.        Yeah.


 

Q.        You
told her. 

 

A.        She
was there. 

 

Q.        She
was there and heard you tell the policeman. 
But before that night had you ever told your mama what Donny was doing
to you?

 

A.        No.


 

Q.        Before
you told the policeman, did you tell any other adults?

 

A.        My
uncle.  

 

Q.        You
told your uncle.  Was he there with the
policeman too?

 

A.        I’m
not really sure.  I forgot.  

 

The following exchange occurred during cross-examination:

 

A.        .
. . That was my uncle that I told. 

 

Q.        Oh,
your Uncle John. 

 

A.        No.  He’s out in the hall. 

 

Q.        Okay.  And you told him something before,
right?  Before you told the officer?

 

            (Shakes
head in the affirmative). 

.  

            The
evidence establishes that some statement by M.L. was made to the uncle before
the statements made to Ehrhart.  However,
the Texas Court of Criminal Appeals has interpreted Article 38.072 of the Texas
Code of Criminal Procedure to require that the previous statement be one which “in
some discernible manner describes the alleged offense.”  Garcia
v. State, 792 S.W.2d 88, 91 (Tex. Crim. App. 1990).  It must be “more than words which give a
general allusion that something in the area of child abuse was going on . . . .
 The statute demands more than a general
allusion of sexual abuse.”  Id.; see
also Thomas v. State, 1 S.W.3d 138, 140–41 (Tex. App.—Texarkana 1999, pet.
ref’d). 

            “Trial
courts are afforded broad discretion in determining the admissibility of outcry
statements, and the decision to admit such evidence will not be disturbed
absent a clear abuse of that discretion.”  Harvey
v. State, 123 S.W.3d 623, 627 (Tex. App.—Texarkana 2003, pet. ref’d) (citing Garcia, 792 S.W.2d at 92).  We will not substitute our judgment for that
of the trial court unless it acted in an arbitrary or unreasonable manner,
without reference to any guiding rules or principles.  Id. (citing Montgomery v. State, 810 S.W.2d 372,
380 (Tex. Crim. App. 1990)).  

            From M.L.’s
testimony, while it appears that Ehrhart was not the first person over eighteen
whom she told about “what Donny was doing” to her, there is nothing in the
record suggesting M.L.’s statements to her uncle described the alleged offense
in some discernible manner.  In contrast,
the record establishes M.L.’s discernible statement to Ehrhart.  In Garcia,
the child complainant made general statements of abuse to her teacher.  792 S.W.2d at 91.  From the record, the court was unable to
determine “what it was the complainant told her teacher.”  Id.  Garcia found
that where the State laid “a proper predicate that [a child protective
specialist] was the outcry witness,” and “the defense had ample opportunity to
recall [the teacher] in an attempt to rebut this predicate, but failed to do
so,” and did not “elicit testimony from the complainant regarding the specifics
of the statements she made to [the teacher],” the trial court was within its
discretion to consider the child protective specialist as the proper outcry witness.  Id. at
91–92.  Similarly, in this case, the
defense had the ability to call the uncle who “was out in the hall,” or recall
M.L. in order to clarify the statements she made to him.   Because the defense failed to do so, we find
the trial court was within its discretion in finding Ehrhart to be the proper
outcry witness.  See In re Z.L.B., 102 S.W.3d 120, 122–23 (Tex. 2003) (“defendant in
this case had the burden to introduce evidence that J.M.’s statement to his
mother was more than just a general allusion to abuse”).  We overrule this point of error. 

            Halbrook
also argues that the trial court erred by failing to conduct a hearing outside
the presence of the jury to determine if the statement given to Ehrhart was
reliable.  Tex. Code Crim. Proc.
Ann. art. 38.072, § 2(b)(2).  The State has the burden to comply with the
terms of the statute, and the trial court is required to determine the
statement is reliable after a hearing conducted outside the presence of the
jury.  Id.  The provisions of the statute
are mandatory and must be satisfied.  Long v. State, 800 S.W.2d 545, 547 (Tex.
Crim. App. 1990).   An issue that has
split some of the courts of appeals is whether a more specific objection than “hearsay”
is required to preserve argument that a section of the statute has been
violated (lack of notice, failure to conduct hearing, etc.).   Zarco
v. State, 210 S.W.3d 816, 828 (Tex. App.—Houston [14th Dist.] 2006, no
pet.) (compilation of Texas opinions on this issue).   We believe the Texas Court of Criminal
Appeals has definitively resolved this issue in Long when it held that Long preserved error by his hearsay
objection and therefore was allowed to argue that the trial court failed to
conduct a hearing to determine if the statement was reliable as required by the
statute.  Long, 800 S.W.2d at 548.   We agree with the holding in Zarco, “we will follow the Court of
Criminal Appeals’ binding precedent . . . . “  This argument is preserved for our
consideration. 

            Here, during
Ehrhart’s testimony, the trial court conducted a hearing outside the presence
of the jury to determine the admissibility of a video recording of a ten-minute
portion of the child’s statement.[3]  This procedure necessarily involved a review
of the child’s statement and was more extensive than Ehrhart’s abbreviated
report of the child’s statement.  The State
argued the video recording would show “the actual scene when the officer
responds and it shows the layout of the area, how they talked to everybody, what
was said.”  A bench conference has been
found to fulfill the requirements of the statute.  Zarco,
210 S.W.2d at 831.  We find that this
review by the trial court satisfied the hearing requirement; by overruling the
objection, the trial court impliedly found the statement given to the officer
and recorded on the videotape was reliable. 
Id. 

III.      Conclusion 

 

            We affirm the judgment of the
trial court. 

 

 

 

                                                                                                Jack
Carter

                                                                                                Justice

 

Date Submitted:          July
8, 2010     

Date Decided:             July
28, 2010

 

Publish            

 











[1]Halbrook
was also convicted of two counts of aggravated sexual assault and four counts
of indecency with his then eight-year-old daughter, M.B.  Although Halbrook filed a single brief
addressing points of error presented in this case and companion cause number
06-09-00204-CR, which were tried together, we address each case separately
since certain points of error apply only to one case or the other.  





[2]Halbrook
argues that M.L. failed to identify him during trial.  It is clear that M.L. looked at a picture of
Halbrook and identified him as “Donny.”  





[3]The
hearsay objection was only that the officer’s testimony and the video recording
were not admissible because “the first person outcry was made to the uncle.”