**AFFIRMED; Opinion Filed February 13, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-13-01735-CR
## No. 05-13-01736-CR
## No. 05-13-01737-CR

### JAVIER A. MONTOYA-RODRIGUEZ, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 363rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F12-56281-W, F12-56282, F13-58584-W**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Brown, and Schenck[1]
Opinion by Justice Schenck

Appellant Javier Montoya-Rodriguez appeals three convictions for aggravated sexual

assault of a child. In three issues, appellant contends (1) the trial court abused its discretion in

admitting the testimony of the State's outcry witness, (2) a material variance exists between the

allegations in the indictment and the proof offered at trial, and (3) he received ineffective

assistance of counsel at the punishment phase. For the following reasons, we affirm appellants'

convictions.

Appellant was indicted for sexually assaulting his girlfriend's five-year old daughter,

K.C., and K.C's seven-year old friend, D.A. Following a bench trial, the trial court found

---

[1] The Honorable Justice David Schenck succeeded the Honorable Justice Michael O'Neill, a member of the original panel, following Justice O'Neill's retirement. Justice Schenck has reviewed the briefs and record before the Court.

appellant guilty of each of the offenses and assessed his punishment at thirty-two years' confinement for the offenses against K.C., and twenty-five years' confinement for the offense against D.A.

In his first issue, appellant asserts the trial court abused its discretion in overruling his hearsay objection to the State's outcry witness for one of the offenses against K.C. Specifically, appellant asserts the State failed to present evidence that the outcry witness was the "first" person over eighteen years of age to which the child had made a statement about the offense.

Article 38.072 of the code of criminal procedure governs the admissibility of outcry witness testimony. See TEX. CODE CRIM. PROC. ANN. art. 38.072 (West Supp. 2014). The outcry statute applies only to statements made (1) by the child against whom the offense was allegedly committed, and (2) to the first person, eighteen years of age or older, to whom the child made a statement about the offense. *Id* To be a proper outcry statement, the child's statement must describe the alleged offense in some discernable manner and must be more than a general allusion to sexual abuse. *Garcia v. State*, 792 S.W.2d 88, 91 (Tex. Crim. App. 1990); *Sims v. State,* 12 S.W.3d 499, 500 (Tex. App.—Dallas 1999, pet. ref'd). The purpose of this latter requirement is to allow the State to present outcry testimony that contains details about the offense, even though the child may have previously made general allusions about the offense to another adult. *See, e.g., Garcia,* 792 S.W.2d at 91; *Sims*, 12 S.W.3d at 500. To be admissible as an outcry statement, the State must also satisfy certain procedural requirements, including providing the defendant with notice of its intent to offer the statement. *See* TEX. CODE CRIM. PROC. ANN. art. 38.072, § 2(b) (West Supp. 2014).

In this case, prior to trial, the State filed three separate "Notice[s] of Outcry Statement" identifying three different witnesses as the first adult the child made a statement to about the offense. Those witnesses were the child's mother, Samantha Simpson, and Officer M. Allie. At

trial, of these witnesses, only Mother testified. She testified that one night, when K.C. was in bed, she saw her touching her private area. The child told Mother that someone else had also touched her there. When the State asked Mother if K.C. identified that person, appellant made a hearsay objection. The trial court then asked whether the State had given appellant notice of an outcry. The State responded that it had done so and that it was proffering Mother as the outcry witness. Appellant confirmed that he had received notice and read the notice into the record, which stated, the State "intends to offer the testimony of [Mother], a person over eighteen years of age or older, as to the first statement of [the child] concerning the mouth of [appellant] contact[ing] and penetrat[ing] the genitals of the [child.]" Appellant did not complain the State's notice was insufficient, that the State had filed multiple notices, or suggest that the child may have told another adult about the offense before she told her mother. The trial court overruled appellant's hearsay objection.

In this issue, appellant asserts the trial court abused its discretion in admitting the child's outcry statement over his hearsay objection because the State failed to show that K.C.'s out-of-court statement met the statutory predicate necessary to exempt it from the hearsay rule. In particular, he contends the State failed to present evidence that Mother was the "first" adult to whom the child gave a statement about the offense. According to appellant, "[b]ecause no such testimony is included in the record and because the State filed notices that three people might have provided this testimony, the trial court abused its discretion in allowing [Mother] to testify to K.C.'s outcry statement."

When a defendant makes a hearsay objection to an outcry statement, the State must show it met each of the statutory predicates for its admission. *Long v. State,* 800 S.W.2d 545, 547 (Tex. Crim. App. 1990). If the State does not do so, the trial court abuses its discretion in overruling the hearsay objection. *Id.* The statute requires that the outcry witness be the first

–3–

adult to whom the child makes a statement that in some discernible manner describes the alleged offense. *Garcia v. State*, 792 S.W.2d 88, 91 (Tex. Crim. App. 1990)

Initially, we note that although appellant appears to predicate his complaint, at least in part, on the fact the State filed notices identifying three different individuals as the outcry witness, he does not assert it was improper for the State to do so. Nor did appellant object below on this basis, or even notify the trial court that the State had filed multiple notices. Further, there is nothing in the record to suggest appellant did not agree with the State's designation of Mother as the outcry witness. Indeed, when the State designated Mother, it was also necessarily assuring appellant that it could not call either of the other two possible witnesses as the outcry witness. And if appellant *had* made the complaint in the trial court that he now raises on appeal, the result would not necessarily have been exclusion of an outcry statement, but possibly the admission of potentially more damaging outcry testimony. Generally, an objection must "let the trial judge know what [the defendant] wants, why he thinks himself entitled to it, and . . . do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it." *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992). We conclude appellant has failed to preserve any complaints arising from the multiple notices.

We further conclude the trial court did not abuse its discretion in concluding the State met the statutory predicate necessary to show Mother was the proper outcry witness. First, the State's notice asserted Mother was the first adult to whom the child had given a statement to about the offense. *See Garcia*, 792 S.W.2d at 95. The circumstances under which the child made the statement support that assertion. Specifically, the five-year-old child made the outcry to her Mother while in their home. Mother testified that outcry was the first time she had learned of the offense, and it was that outcry that instigated the investigation. *See Garcia*, 792 S.W.2d at 91 (where State lays predicate showing witness is first adult to hear outcry, burden shifts to

defendant to rebut that predicate). Appellant's surmise that one or more of the investigating officers or another adult might have first heard the outcry is at odds with the temporal sequence described at trial. As Mother's testimony also shows that the child statement described the offense in a discernable manner, we conclude the State met the statutory predicate necessary to show Mother was the proper outcry witness.

In reaching this conclusion, we necessarily reject appellant's suggestion the State was required to present direct evidence that the outcry witness was the first adult the child told about the offense. Indeed, the only person that could possibly have personal knowledge of that fact would be the child herself. Imposing a requirement on the child to present such testimony could easily nullify the purposes of the statute. *Cf. Garcia*, 792 S.W.2d at 91 (the parlance of children is often not exact, and generalities can be misleading); *In re Z.L.B.*, 102 S.W.3d 120, 121-22 (Tex. 2003) (outcry statute recognizes "the necessity of introducing the child's statements through an adult witness . . . .") Having reviewed the record, we cannot conclude the trial court abused its discretion allowing Mother to testify as the outcry witness. *See Garcia*, 792 S.W.2d at 91. Consequently, we resolve the first issue against Mother.

Appellant's second issue asserts the evidence is insufficient to support one of the convictions because there is a material variance between the allegations in the indictment and the proof at trial. At oral argument, appellant conceded this point was without merit and waived it. Consequently, we do not address it.

In his third issue, appellant contends he received ineffective assistance of counsel at the punishment phase of his trial. Specifically, appellant complains that trial counsel failed to present any mitigating evidence and offered only a brief argument. To prevail on a claim of ineffective assistance of counsel, an appellant must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) but for counsel's errors, there is a

reasonable probability the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–88, 694, *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). An ineffective assistance claim must be "firmly founded in the record," and the record must affirmatively demonstrate the claim has merit. *Menefield v. State*, 363 S.W.3d 591, 592 (Tex. Crim. App. 2012); *Goodspeed v. State*, 187 S.W.3d 391, 392 (Tex. Crim. App. 2005). Appellate review of trial counsel's representation is highly deferential and presumes that counsel's actions fell within the wide range of reasonable and professional assistance. *Garza v. State*, 213 S.W.3d 338, 347-48 (Tex. Crim. App. 2007).

Ineffective assistance of counsel claims are generally ill suited for direct appeal as the record is generally undeveloped, particularly where counsel's strategic choices are concerned. *See Menefield*, 363 S.W.3d at 592–93. A silent record that provides no explanation for counsel's actions will not overcome the strong presumption of reasonable assistance. *See Rylander v. State*, 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003).

Here, appellant did not file a motion for new trial based on ineffective assistance of counsel, and the record does not show counsel's reasons for the complained-of conduct. Nor does the record show any mitigating evidence was available, but was not presented or that counsel could have made a more effective argument. Therefore, appellant cannot show his counsel was ineffective. *See Narvaiz v. State*, 840 S.W.2d 415, 434 (Tex. Crim. App. 1992) ("since appellant does not explain what mitigating evidence his trial counsel should have proffered, we cannot possibly find that a failure to proffer such evidence constituted ineffective assistance.") We resolve the third issue against appellant.

We affirm appellant's convictions.

/David Schenck
DAVID SCHENCK
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
131735F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JAVIER A. MONTOYA-RODRIGUEZ,
Appellant

No. 05-13-01735-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 363rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F12-56281-W.
Opinion delivered by Justice Schenck.
Justices Lang-Miers and Brown
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 13th day of February, 2015.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JAVIER A. MONTOYA-RODRIGUEZ,
Appellant

No. 05-13-01736-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 363rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F12-56282-W.
Opinion delivered by Justice Schenck.
Justices Lang-Miers and Brown
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 13th day of February, 2015.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JAVIER A. MONTOYA-RODRIGUEZ,
Appellant

No. 05-13-01737-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 363rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F13-58584-W.
Opinion delivered by Justice Schenck.
Justices Lang-Miers and Brown
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 13th day of February, 2015.